Johnny H. HARRISON, Appellant,

v.

STATE HIGHWAY DEPARTMENT of Texas, Appellee.

No. 3895.

Court of Civil Appeals of Texas.

Eastland.

June 5, 1964.

Rehearing Denied June 26, 1964.

Fanning, Billings, Harper, Pierce & Gilley, Dallas, for appellant.

Waggoner Carr, Atty. Gen., Austin, for appellee.

COLLINGS, Justice.

This suit was brought by Johnny H. Harrison claiming benefits under Article 6674s, Vernon's Ann.Tex.Civ.St., the Workmen's Compensation Act establishing coverage for employees of the State Highway Department of Texas. Harrison alleged that he was injured while driving a tractor-mower, mowing the right of way on Highway 19 in Canton, Texas, as an employee of the State Highway Department. The motion of the State Highway Department for summary judgment was granted by the court which found, as a matter of law, that plaintiff was not an employee of the department at the time of his injury. Harrison has appealed.

It is undisputed that at the time of appellant's accidental injury he was mowing grass on the State Highway right of way under the direct supervision and control of R. S. Peel. The controversy concerns the question of whether or not appellant was an employee of the State Highway Department and entitled to Workmen's Compensation benefits.

Appellant urges points of error contending that the court erred in entering the summary judgment for appellee, and in failing to hold that there was a question of fact as to whether or not he was an employee of the highway department, in holding as a matter of law that he was not such an employee, and in failing to hold that R. S. Peel was an employee of the highway department. Appellant also contends that the court erred in failing to hold (a) that, by not requiring him to have a physical examination, the department waived its right to have him take a physical examination, (b) that, by placing his name on the payroll and failing to obtain a physical examination for him, the highway department was estopped from denying that he was an employee because he had not taken a physical examination, (c) that Article 6674s, Sec. 14a which states that absence of a physical examination shall not be a bar to recovery precludes a judgment against appellant on the ground of failure to have a physical examination, (d) erred in failing to interpret any ambiguity between Article 6674s, Section 14a and Article 6674s, Section (2), in favor of appellant, and (e) in failing to hold that under the facts and circumstances of the case appellee was wrongfully attempting to contract its mowing work in such a manner as to divest itself of liability to its employees.

Appellant's points all bear upon the question of whether a fact issue exists concerning whether he was an employee of the State Highway Department at the time of his accidental injury. Article 6674s, which provides for Workmen's Compensation insurance for highway department employees under which appellant claims, defines in Section (2) the term "employee" as follows:

" 'Employee' shall mean every person in the service of the State Highway Department under any appointment or expressed contract of hire, oral or

written, whose name appears upon the pay roll of the State Highway Department, * * *. No person in the service of the State Highway Department who is paid on a piecework basis, or on any basis other than by the hour, day, week, month, or year, shall be considered an employee and entitled to compensation under the terms and provisions of this Act. Provided further, that no person shall be classified as an 'employee' nor be eligible to any compensation benefits under the terms and provisions of this Act until he shall have submitted himself first to a physical examination by a regularly licensed physician or surgeon designated by the State Highway Department to make such examination and thereafter been certified by the State Highway Department to be placed on the pay roll of the State Highway Department."

Section 12 of Article 6674s provides:

"If the Department sublets the whole or any part of the work to be performed or done to any subcontractor, then in the event any employee of such subcontractor, whose name does not appear on the pay roll of the Department, sustains an injury in the course of his employment, he shall be deemed and taken for all purposes of this law not to be an employee as defined in this law."

The record, including deposition of Jack Sides, a maintenance foreman for the State Highway Department, and of R. S. Peel, shows that the department through Jack Sides made an oral agreement with Mr. Peel to mow and have mowed certain grass areas on the State Highway right of way which areas were designated by the department daily or weekly, as necessary, and that Peel was paid $2.75 an hour for each mower and operator. To do this work Mr. Peel, with the knowledge and consent of the highway department, employed several men to operate his tractors in the mowing of grass. One of these workers

was appellant Johnny H. Harrison. Appellant contends that the State Highway Department had and exercised such right of control over him as to make him an employee of the department. The State Highway Department contends that appellant Harrison was not an employee of the department; that the question of who is an employee of the department is determined by the provisions of Article 6674s, supra, requiring such employees (1) to have their names on the payroll, and (2) to submit to a physical examination and be certified by an examining physician to be physically fit. Appellee contends that the court correctly found that Harrison was not an employee of the department because the undisputed facts show that he had met neither of these tests.

We cannot agree with appellee's contention that Harrison was precluded from being an employee because of his failure to have a physical examination and to be certified as physically fit. Section 14a of Article 6674s provides "that absence of a physical examination shall not be a bar to recovery." However, we do agree with appellee's contention that the question of who is an employee of the State Highway Department as contemplated by Article 6674s, is determined by the provisions of that statute. Applying this test we have concluded that the record conclusively shows that appellant was not an employee of the department. The record shows that the department sublet a part of the mowing work to be performed to a subcontractor, to-wit, R. S. Peel. It is undisputed that under the oral agreement with the Highway Department Peel was to mow grass on highways in Van Zandt County at times and places designated by the maintenance foreman; that Peel was to furnish tractor-mowers and operators to do the job and was to be paid $2.75 per hour for each mower and operator. We overrule appellant's contention that Peel himself was an employee and not a subcontractor.

The record shows that Peel as a subcontractor employed appellant to operate

one of his tractor-mowers and paid him by the hour for his work. It shows that appellant's name does not appear on the payroll of the department. The record does show that appellant's name appeared on a document designated as "maintenance salary and labor pay roll", but his name does not appear as a person who was paid or was to be paid by the State. Appellant was paid by Peel. The record shows that the "maintenance salary and labor pay roll" was simply a field report and that no one was issued a State warrant on the basis of such field report alone; that the payroll of the State Highway Department is prepared in Austin and submitted to the State Comptroller and that the name of every employee of the State Highway Department appears on such payroll; that appellant's name never appeared on such payroll and he was never issued and never received a warrant from the State. As already stated appellant was paid by Peel. The Highway Department paid Peel an agreed amount for each of his tractor-mowers including an operator but had no record of what appellant was paid by Peel. The Highway Department did not have appellant's Social Security Number and kept no withholding records on him. The only record they had of appellant was his name showing that he was an operator of one of Peel's tractor-mowers and the hours of operation. This was material information in a determination of what Peel was entitled to be paid under the contract. The provisions of Section 12, supra, specifically indicate that such a person, that is, an employee of a subcontractor, whose name does not appear on the payroll of the department "shall be deemed and taken for all purposes of this law not to be an employee as defined in this law." The court did not err in holding that, as a matter of law, appellant Harrison was not an employee of the State Highway Department and in entering summary judgment against appellant. Appellant's points are all overruled.

The judgment is affirmed.